## SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM WASSON agt. GEORGE W. SCHUYLER, auditor of the canal department.

*Peremptory mandamus against auditor of canal department.*

Where the auditor of the canal department refuses to pay a claim against the state which has been awarded to the claimant by the canal apprais-ers, having jurisdiction and authority to make the award, on the ground that he is informed and believes that the award is void on the ground of collusion and fraud between the appraisers and the claimant, and that it can be so established upon the trial of an issue of fact to that effect, it is insufficient, without the statement of any facts, to prevent the issuing of a peremptory mandamus to compel the payment of the claim.

*Albany Special Term, March,* 1876.

APPLICATION for a peremptory mandamus to the auditor of the canal department.

*Mead & Burlingame,* for the motion.

*E. W. Paige,* deputy attorney-general, opposed.

WESTBROOK, *J.*— By chapter 520 of the Laws of 1868, the canal appraisers were authorized to hear and determine the claims of Peter Voorhees, for damages sustained in the drain-ing of Cayuga marshes, in the years 1854, 1855, 1856 and 1857, by the appropriation of their land to deposit the rock and shale taken from Seneca river, either party to be at liberty to appeal to the canal board as in other cases. Under

this act an award was made in favor of Voorhees on the 20th day of September, 1869, for $6,488.25, which award was duly recorded on the 30th day of December, 1869, as required by the laws of this state.

No appeal was taken by the state from the award; but on the contrary, on the thirtieth day of December, the Hon. William W. Wright, then canal commissioner, after an official investigation of the facts, drew his draft upon the then auditor of the canal department, for the amount thereof, and took from Peter Voorhees his receipt for the same. Prior to July, 1873, this draft was presented to the then auditor, who refused to pay it. On July 2, 1873, the amount was duly assigned to the relator Wasson, who is now the owner and holder thereof.

After the assignment to Wasson, and on the second day of July, the relator made a personal demand upon Gilson A. Dayton, then auditor, that he (Dayton) should draw his draft upon the state treasurer for the amount of such award and interest, according to law, which the auditor refused to do. On the 3d day of July, 1873, an order was granted by judge LEARNED requiring the auditor to show cause why a peremptory mandamus should not issue to compel him to draw and issue his warrant for the amount of the draft and the accrued interest, the hearing upon which order was fixed for the 26th day of August, 1873. The application for a peremptory mandamus was denied, because as the state had, three days previous to such hearing (August 23, 1873), commenced an action in this court to set aside the award for fraud and collusion between the claimant of the damages (Mr. Voorhees) and the canal appraisers, and also because such appraisers had exceeded their jurisdiction, the questions involved could be determined in such action.

Issue having been joined in the suit brought to set aside the award, it was referred to the Hon. William J. Wallace, now United States district judge for the northern district of New York, to hear and decide. After a full trial and hear-

ing, the referee, by his report bearing date May 2, 1874, decided that the said award was "not void for collusion and fraud," but that the claim was not within the jurisdiction of the canal appraisers, and that the award was consequently void, and that its collection should be enjoined.

On appeal by Wasson, to the general term, the judgment of the referee was reversed, and such decision of the general term was affirmed by the court of appeals, and now the application for a peremptory mandamus is renewed, as the present auditor still refuses to draw his warrant.

As the case then is now presented, the following facts are undisputed : Upon the issue of fraud and collusion in obtaining the award, the people were beaten by the referee; and upon that of law, that the award was without the jurisdiction of the canal appraisers, they have been beaten both by the supreme court and the court of appeals. Upon the present motion, in answer to all the facts hereinbefore stated, we have only this allegation in the affidavit of the present auditor, George W. Schuyler: "That as affiant is *informed and believes*, the award stated in the moving papers is void on the ground of collusion and fraud between the appraisers and Voorhees, and it can be so established upon the trial of an issue of fact to that effect." Not a single fact is stated upon which the judgment of the court can be exercised, nor is the general statement of fraud and collusion made upon any personal knowledge, nor are the sources of information stated. The court is then, when an award has been made against the state by its own officers, when such award has not been appealed from as the law permits, but on the contrary determined by the canal commissioner in charge to be a proper and just demand against the state as evidenced by his draft drawn upon the auditor, and when the state has been beaten upon the issue of fraud made by it in an independent action to vacate the award, upon the mere general affidavit of the auditor that he is "*informed and believes*" there is fraud, to assume that sworn officers have been corrupt, an intelligent

referee grossly deceived, and the claimant and the state put to the delay and cost of a trial to try such issue. Such a course would be neither just to the claimant nor the state. Official action should not be questioned upon such a loose, general statement founded upon mere *information*. If Mr. Schuyler, the auditor, or the attorney-general has any fact to state showing fraud or collusion, it should be done, and such fact will be duly considered; or if either has any information tending to establish such fact it should be stated so that the court can judicially determine the propriety and need of a trial. In the absence of any such statement, the court will not subject sworn state officials to the imputation of official corruption, nor claimant to the cost and delay of a trial by granting the writ in an alternative form.

The peremptory writ of mandamus as applied for will issue.